**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL121223

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## WHITE PLAINS DIVISION

| | |
|---|---|
| David Deutsch, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MRS Associates and ARS National Services, Inc.,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff David Deutsch, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants MRS Associates and ARS National Services, Inc. as follows:

### INTRODUCTION

1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

2. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.*

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendants MRS Associates and ARS National Services, Inc. because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12. Plaintiff David Deutsch ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Rockland County, New York.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant MRS Associates ("MRS") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Camden County, New Jersey.

15. MRS has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

16. MRS regularly collects or attempts to collect debts asserted to be owed to others.

17. MRS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of MRS's businesses is the collection of such debts.

19. MRS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. MRS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. Defendant ARS National Services, Inc. ("ARS") is a corporation organized and existing under the laws of the State of California, with a principal place of business in San Diego County, California.

22. ARS has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

23. ARS regularly collects or attempts to collect debts asserted to be owed to others.

24. ARS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

25. The principal purpose of ARS's businesses is the collection of such debts.

26. ARS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

27. ARS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

28. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

**FACTUAL ALLEGATIONS**

29. Defendants allege Plaintiff owes a debt ("the alleged Debt").

30. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

31. The alleged Debt does not arise from any business enterprise of Plaintiff.

32. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

33. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

34. At the time the alleged Debt was assigned or otherwise transferred to Defendants, the alleged Debt was in default.

35. In its efforts to collect the alleged Debt, MRS contacted Plaintiff by letters including the letters dated February 7, 2020 and September 22, 2020. ("the MRS Letters"). (A true and accurate copy of the MRS Letters is annexed hereto as "**Exhibit 1**.")

36. In its efforts to collect the alleged Debt, ARS contacted Plaintiff by letters including the letters dated April 8, 2020 and April 30, 2020 ("the ARS Letters"). (A true and accurate copy of the ARS Letters is annexed hereto as "**Exhibit 2**.")

37. The Letters conveyed information regarding the alleged Debt.

38. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

39. The Letters were received and read by Plaintiff.

40. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from defendants. As set forth herein, Defendants deprived Plaintiff of these rights.

41. Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived

Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

42. Plaintiff's injury is directly traceable to Defendants' conduct because Defendants sent the Letter, and but for Defendants' conduct, Plaintiff would not have been deprived of the aforementioned rights.

43. Plaintiff has been misled by Defendants' conduct.

44. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

45. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in their attempts to collect the alleged Debt and other alleged debts.

46. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

47. As a result of Defendants' conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

48. As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

49. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

50. A favorable decision herein would redress Plaintiff's injury with money damages.

51. A favorable decision herein would serve to deter Defendants from further similar conduct.

52. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

54. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

55. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

56. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

57. For purposes of 15 U.S.C. § 1692e, the failure to identify the correct debt collector clearly and accurately is unfair and deceptive to the least sophisticated consumer.

58. The accurate identity of the correct debt collector of a particular debt is a material piece of information to a consumer.

59. Knowing the identity of the correct entity who should be paid for the underlying alleged debt owed to the creditor is imperative for the consumer to ensure that the collection is legitimate.

60. As evidenced by the Letters attached as exhibits hereto, MRS and ARS were collecting on the same alleged Debt at the same time.

61. As evidenced by the Letters attached as exhibits hereto, MRS and ARS both claimed entitlement to collect the alleged Debt at the same time.

62. As evidenced by the Letters attached as exhibits hereto, MRS and ARS both offered settlement opportunities that contradicted the other.

63. As evidenced by the Letters attached as exhibits hereto, neither MRS nor ARS advised the Plaintiff of the other.

64. As evidenced by the Letters attached as exhibits hereto, neither MRS nor ARS advised Plaintiff that Plaintiff could pay either of them to satisfy the alleged Debt.

65. The least sophisticated consumer would be confused by unrelated debt collectors collecting on the same debt at the same time.

66. The least sophisticated consumer would be confused by contradictory settlement offers from unrelated debt collectors collecting on the same debt.

67. The least sophisticated consumer would be deceived by such overlapping collection efforts.

68. The least sophisticated consumer would reasonably believe that one debt collector is the legitimate entity trying to collect on such alleged debt, while the other is a sham.

69. The least sophisticated consumer would not assume that two unrelated debt collectors collecting on the same debt at the same time was a legitimate practice.

70. The least sophisticated consumer would likely be deceived by the Letters.

71. The least sophisticated consumer would likely be deceived in a material way by the Letters.

72. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

73. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

74. Plaintiff seeks to certify a class of:

> All consumers from whom Defendants attempted to collect the same debt at the same time, which efforts were made on or after a date one year prior to the filing of this action to the present.

75. This action seeks a finding that Defendants' conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

76. The Class consists of more than thirty-five persons.

77. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

78. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

79. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

80. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendants' actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: January 25, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL121223
*Attorneys for Plaintiff*